# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARTIN AKERMAN,

        Appellant,

        v.

OFFICE OF SPECIAL COUNSEL,

        Agency.

DOCKET NUMBER
DC-3443-22-0296-I-1

DATE: May 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Martin Akerman</u>, Arlington, Virginia, pro se.

<u>Amy Beckett</u>, Esquire, and <u>Hnin Khaing</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal with prejudice at his request. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.[2] 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

On March 13, 2022, the appellant filed an appeal with the Board against the Office of Special Counsel (OSC), asserting that OSC had engaged in "neglect of duty-malfeasance in office" and challenging OSC's processing of his OSC complaint. Initial Appeal File (IAF), Tab 1 at 3. The administrative judge issued a jurisdictional order, notifying the appellant that the Board may not have jurisdiction over his appeal, setting forth the applicable legal standard, and affording him the opportunity to produce evidence or argument establishing jurisdiction over his appeal. IAF, Tab 3. Before the appellant responded to the jurisdictional order, he filed a request to dismiss the appeal with prejudice, explaining that he wanted "to remove any burden . . . from an already busy OSC staff and [himself]." IAF, Tab 8 at 3. He then reiterated his request to dismiss his appeal with prejudice. *Id.*

Subsequently, the administrative judge issued an April 21, 2022 initial decision dismissing the appeal with prejudice. IAF, Tab 10, Initial Decision (ID). The initial decision notified the appellant of the deadline to file a petition for review, i.e., May 26, 2022, and included explicit instructions on how to file a petition for review. ID at 2-5. Nearly a year later, on May 23, 2023, the

---

[2] Pursuant to the Board's Delegations Manual at § 2.3.5.1, the Office of the Clerk of the Board has delegated authority to grant a petitioner's request to withdraw his petition for review. Chairman Cathy A. Harris, Vice Chairman Raymond A. Limon, and former Member Tristan L. Leavitt issued a policy effective June 28, 2022, stating that the Clerk may exercise the delegated authority to grant a withdrawal of a petition for review when requested by the petitioner if there was no apparent untimeliness of the petition and if no other party objects to the withdrawal. On July 19, 2023, the appellant filed a request to withdraw his petition for review, citing the June 28, 2022 policy. Petition for Review (PFR) File, Tab 9 at 3, Tab 10 at 3. The then-Acting Clerk of the Board advised the appellant that the Office of the Clerk of the Board was unable to grant his request because, as noted in its June 8, 2023 acknowledgement letter, his petition for review appeared to be untimely filed. PFR File, Tab 11 at 1. The appellant responded, reiterating his request to withdraw his petition for review, referencing the June 28, 2022 policy, and asserting that his petition for review was timely in consideration of the Board's restored quorum. PFR File, Tab 12 at 3. Because we find that the appellant's petition for review was untimely filed without good cause shown, we deny the appellant's request to withdraw his petition for review.

appellant filed a petition for review, requesting that the Board reopen his appeal based on new evidence, attaching a May 3, 2023 letter from OSC correcting the file number included in correspondence sent to the appellant 1 year prior. Petition for Review (PFR) File, Tab 1 at 3-4. The then-Acting Clerk of the Board (Acting Clerk) issued a letter requesting that the appellant confirm whether he intended to file a petition for review of the initial decision. PFR File, Tab 2. The appellant responded, stating that his intention was to introduce new evidence so that the Board would reopen the record and reconsider the appeal pursuant to 5 C.F.R. § 1201.118, and attaching email correspondence with OSC regarding the typographical error. PFR File, Tab 3 at 4-5.[3]

Thereafter, the Acting Clerk issued a letter acknowledging the appellant's filing as a petition for review, notifying him that his petition for review appeared to be untimely filed, and explaining that the Board's regulations require that an untimely petition for review be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause. PFR File, Tab 5 at 1-2. The appellant timely filed a motion to accept the petition for review as timely, repeating that he was filing new evidence so that the Board would reopen the appeal pursuant to 5 C.F.R. § 1201.118. PFR File, Tab 6 at 4. He asserted that the May 3, 2023 letter from OSC correcting the file number had significant repercussions because, among other things, it did not allow OSC to represent him and impaired his ability to demonstrate that he had exhausted his administrative remedies in a case that is now pending in the U.S. Court of Appeals for the Fourth Circuit. *Id.* at 5-6. The agency responded in opposition to the appellant's petition for review and motion to accept the petition for review as timely, PFR File, Tab 7, and the appellant replied to the agency's response, PFR File, Tab 8.[4]

---

[3] The appellant also provided email correspondence with his former employing agency that he apparently included with his email to OSC. PFR File, Tab 3 at 6-12.

[4] On May 22, 2024, the appellant filed a pleading, "Motion for Recusal of Mr. Henry J. Kerner in Pending MSPB Cases relating to OSC," requesting that Mr. Kerner recuse

**DISCUSSION OF ARGUMENTS ON REVIEW**

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision.  5 C.F.R. § 1201.114(e).  The Board will waive a petition for review time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Rivera*, 111 M.S.P.R. 581, ¶ 4.  The appellant bears the burden of proof with regard to timeliness, which he must establish by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(B); *McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007) (stating that the appellant bears the burden of proof with regards to timeliness, which he must establish by preponderant evidence).

Here, the deadline for filing a petition for review was May 26, 2022, and the appellant filed his petition for review on May 23, 2023, almost 1 year late. ID at 2; PFR File, Tab 1.  The appellant has not alleged that he did not receive the initial decision, or that he received it more than 5 days after it was issued.

himself from this matter and several of the appellant's other cases pending before the Board, PFR File, Tab 14; however, Mr. Kerner has not been sworn in as a member of the Board as of the date of this decision.

Furthermore, the appellant has failed to show good cause for this untimely filing. Notwithstanding the appellant's pro se status, his nearly 1-year delay in filing was significant. *Scali v. Office of Personnel Management*, 106 M.S.P.R. 409, ¶¶ 6, 8 (2007) (finding that 1 year was a significant filing delay); *Duncan v. U.S. Postal Service*, 96 M.S.P.R. 448, ¶¶ 5, 7 (2004) (finding that, even in light of the appellant's pro se status, an approximately 1-year filing delay was significant). Furthermore, the appellant has failed to offer a persuasive excuse, show that he acted with diligence, or set forth circumstances beyond his control that affected his ability to comply with the filing limit. PFR File, Tab 1 at 3, Tab 6 at 4-9.

Although the appellant did not assert in a written narrative that a medical condition prevented him from timely filing his petition for review, he attached a medical report to his motion to accept his petition for review as timely filed.[5] PFR File, Tab 6 at 10-13. To establish good cause for untimely filing based on illness, an appellant must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition for review. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). Although the appellant's medical evidence establishes that he suffers from medical conditions, neither the report, nor the appellant, has explained how such conditions prevented him from timely filing his petition for review. PFR File, Tab 6 at 10-13. Indeed, any claim of incapacitation due to illness is further undermined by the fact that the appellant

---

[5] The appellant also attached a series of communications with an artificial intelligence system which assisted him in drafting his pleading, and a report from Lexis listing decisions from various venues citing Board regulations, including 5 C.F.R. § 1201.118. PFR File, Tab 6 at 10-38. The appellant has not explained the relevancy of these documents, and they provide no basis for disturbing the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

was able to file multiple petitions for review during this same time frame in his other pending appeals before the Board, including MSPB Docket Nos. DC-1221-22-0257-W-1, DC-1221-22-0445-W-1, DC-0752-0376-I-1, and DC-1221-22-0459-W-1.[6] Thus, we find that the appellant's evidence does not demonstrate that his medical conditions were severe enough to have prevented him from timely filing a petition for review.

Finally, we find no basis to grant the appellant's request for the Board to reopen and reconsider this appeal pursuant to 5 C.F.R. § 1201.118. PFR File, Tab 1 at 3, Tab 6 at 4-9. The Board has the authority to reopen and reconsider appeals in which it has rendered a final decision. 5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.118. In deciding whether to reopen a closed appeal, the Board will balance the desirability of finality against the public interest in reaching the right result and will exercise its authority to reopen only in unusual or extraordinary circumstances. *Nohr v. U.S. Postal Service*, 112 M.S.P.R. 220, ¶ 10 (2009). We discern no such unusual or extraordinary circumstances here, as this new evidence merely establishes that OSC made a clerical error. PFR File, Tab 1 at 4. Additionally, a request to reopen must be filed within a reasonable period of time, measured in weeks. *Nohr*, 112 M.S.P.R. 220, ¶ 10. Here, the appellant filed his reopening request almost 1 year after the initial decision became final. PFR File, Tab 1; ID at 2. Moreover, the appellant's petition for review is untimely for the reasons set forth above, and the Board will not normally reopen an appeal to cure an untimely petition for review. *Nohr*, 112 M.S.P.R. 220, ¶ 10.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appeal with prejudice.

---

[6] The petitions for review filed by the appellant in the identified cases have been addressed or will be addressed in separate decisions.

**NOTICE OF APPEAL RIGHTS**[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.